## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

MALIBU MEDIA, LLC,                    :
                                      :
     Plaintiff,                    :   Case No. 3:14-cv-186
                                      :
         vs.                  :   Judge Walter H. Rice
                                      :
JACOB STEINER,                        :
                                      :
     Defendant.                    :

### DEFENDANT JACOB STEINER'S ANSWER TO THE AMENDED COMPLAINT

For his Answer to the Amended Complaint of Plaintiff Malibu Media ("Malibu Media"), Defendant Jacob Steiner ("Mr. Steiner") states as follows:

1.     Mr. Steiner states that Paragraph 1 is a legal conclusion, to which a response is not required.  To the extent that Paragraph 1 contains any allegations requiring a response, Mr. Steiner denies them.

2.     Mr. Steiner denies the allegations contained in Paragraph 2 of the Complaint.

3.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 3 of the Complaint, and therefore, denies the same.

4.     Mr. Steiner states that Paragraphs 4 and 5 are legal conclusions, to which a response is not required.  To the extent that Paragraphs 4 and 5 contain any allegations requiring a response, Mr. Steiner denies them.

5.      Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 6 of the Complaint, and therefore, denies the same.

6.      Mr. Steiner states that Paragraph 7 is legal conclusion, to which a response is not required.  To the extent that Paragraph 7 contains any allegations requiring a response, Mr. Steiner denies them.

7.      Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 8 of the Complaint, and therefore, denies the same.

8.      Mr. Steiner admits the allegation contained in Paragraph 9 of the Complaint, and further clarifies that he is not the infringer.

9.      Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 10 – 17 of the Complaint, and therefore, denies them.

10.     Mr. Steiner denies the allegations contained in Paragraphs 18 and 19 of the Complaint.

11.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 20 of the Complaint, and therefore, denies the same.

12.     Mr. Steiner denies the first allegation contained in Paragraph 21 of the Complaint.  Furthermore, Mr. Steiner states that he is without sufficient knowledge to

admit or deny the other allegations contained in Paragraph 21 of the Complaint, and therefore, denies them.

13.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 22 and 23 of the Complaint, and therefore, denies them.

14.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the first allegation contained in Paragraph 24 of the Complaint, and therefore, denies the same.  Furthermore, Mr. Steiner denies the other allegations contained in Paragraph 24 of the Complaint.  Although Mr. Steiner is the subscriber of the IP address 65.189.16.180 on May 14, 2014 at 3:46 a.m., he is not the infringer.  Mr. Steiner further states that Malibu Media's alleged "Additional Evidence" is not relevant to the present action.

15.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 25 of the Complaint, and therefore, denies the same.  Mr. Steiner reaffirms that the alleged "Additional Evidence" is not relevant to the present action.

16.     Mr. Steiner denies the allegation contained in Paragraphs 26 and 27 of the Complaint.

17.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraphs 28 and 29 of the Complaint, and therefore, denies the same.

18.     In response to Paragraph 30 of the Complaint, Mr. Steiner incorporates the preceding paragraphs of this Answer.

19.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 31 of the Complaint, and therefore, denies the same.

20.     Mr. Steiner denies the allegation contained in Paragraph 32 of the Complaint.

21.     Mr. Steiner states that he is without sufficient knowledge to admit or deny the allegation contained in Paragraph 33 of the Complaint, and therefore, denies the same.

22.     Mr. Steiner states that Paragraphs 34 and 35 are legal conclusions, to which a response is not required.  To the extent that Paragraphs 34 and 35 contain any allegations requiring a response, Mr. Steiner denies them.

## AFFIRMATIVE DEFNESES

1.     Plaintiff's claims fail to state a claim upon which relief can be granted. Mr. Steiner is the subscriber of the IP address 65.189.16.180 on May 14, 2014 at 3:46 a.m., which corresponds to the date and time of the first alleged Hit stated in Exhibit A of the Complaint.  However, Mr. Steiner did not infringe upon Malibu Media's copyrights. Mr. Steiner lives in an urban area and his Internet router was unsecured.  Mr. Steiner's IP address could have being used by anyone within his Internet router's reach. Furthermore, Malibu Media's subpoena was narrowed to reveal the subscriber of the IP address 65.189.16.180 on May 14, 2014 at 3:46 a.m., which corresponds to the date and

time of the first alleged Hit in Exhibit A.  Malibu Media does not have any evidence, illegally obtained or not, to prove that Mr. Steiner was the subscriber of the IP address 65.189.16.180 or the infringer during the other alleged 38 Hits stated in Exhibit A.

2.     Plaintiffs' claims are barred by the doctrines of laches, waiver and/or unclean hands.

3.     Plaintiffs' claims are barred by the equitable doctrine of estoppel on the basis of Plaintiff's (including its agents representative, or consultants) own conduct representations, misrepresentations, civil illegality and fraudulent conduct.  Upon information and belief, the investigation method employed by IPP International UG and/or Malibu Media to obtain evidence of the alleged infringements is a misdemeanor in Ohio and violates federal law.  According to O.R.C. § 4749.01(B), the business of private investigation includes engaging in investigations relevant to obtaining the identity of any person, to determine the cause of or responsibility for damage to property, or to secure evidence for use in any judicial proceeding.  O.R.C. § 4749.13(A) expressly states, "no person shall engage in the business of private investigation" in Ohio unless this person is licensed in Ohio.  According to O.R.C. § 4749.99(A), violators of such provisions are "guilty of a misdemeanor of the first degree."  Neither IPP International UG nor Malibu Media are licensed to perform private investigations in Ohio; therefore the methods employed by IPP International UG and/or Malibu Media to obtain the IP addresses of alleged copyrights infringers are illegal under Ohio law. Furthermore, 18 U.S.C. § 2511(1) prohibits anyone not authorized by law to intentionally intercept and/or disclose *any* electronic communication, and 18 U.S.C. §

3121 prohibits the installation or use of pen registers or trap and trace devices without a court order.   Contrary to what Malibu Media may allege, (i) Mr. Steiner did not authorize the interception of his IP address by IPP International UG and/or Malibu Media, (ii) IPP International UG and/or Malibu Media were not a party to the alleged communication between Mr. Steiner's IP address and BitTorrent, and (iii) Malibu Media and/or IPP International UG engaged in illegal private investigation activities with the intent of intercepting Mr. Steiner's IP address, and not with the intent to simply "communicate" with his IP address.  Therefore Malibu Media's and/or IPP International UG's investigation practices are also illegal under federal law.

4.     Plaintiffs' claims are barred by any other matter constituting an avoidance or affirmative defense.

5.     Plaintiffs' claims are barred by an intervening or superseding cause occasioned by the conduct of a person or entity which owed some duty of care.

6.     Mr. Steiner reserves the right to present any and all affirmative defenses that may be revealed through discovery and litigation, and as may be asserted through amendments to this Answer in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Jacob Steiner respectfully requests that the Court dismiss the Complaint, that Mr. Steiner be awarded all costs and fees incurred in the defense of this matter, and for all such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Kessia C. Cericola
Kessia C. Cericola (0091047)

*Trial Attorney*
Email: kcericola@dahmanlaw.com
Samir B. Dahman  (0082647)
Email:  sdahman@dahmanlaw.com
DAHMAN LAW, LLC
Two Miranova Place, Suite 500
Columbus, OH 43215
Tel:  614.636.1250
Fax: 614.633.3366

*Counsel for Defendant Jacob Steiner*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on December 5, 2014, I filed the foregoing *Defendant Jacob Steiner's Answer to the Amended Complaint* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Kessia C. Cericola

Kessia C. Cericola