IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALIBU MEDIA, LLC,　　　　　　　　　:
　　　Plaintiff,
　　　v.　　　　　　　　　　　　　　　 :　Case No. 3:14-cv-186
JACOB STEINER,　　　　　　　　　　　　JUDGE WALTER H. RICE
　　　Defendant.　　　　　　　　　　 :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #17) AND MOTION TO STAY DISCOVERY (DOC. #18)

---

In this copyright infringement suit brought under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, Plaintiff Malibu Media, LLC ("Plaintiff" or "Malibu Media"), alleges that Defendant Jacob Steiner ("Defendant" or "Steiner") used an online file sharing system to copy and distribute Plaintiff's copyrighted works without authorization. The Court has subject matter jurisdiction over copyright actions under 28 U.S.C. § 1338(a).

Pending before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. #17) and Motion to Stay Discovery (Doc. #18). For the reasons set forth below, the motions are OVERRULED.

1

I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff "is a limited liability company organized and existing under the laws of the State of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA, 90015." Compl. ¶ 8 (Doc. #1 at 2). On June 13, 2014, Plaintiff filed suit in this Court, alleging that a John Doe Defendant residing the Southern District of Ohio had infringed on the copyright protecting several of its works by copying and distributing them through an online file-sharing system. *Id.* At that time, Plaintiff could only identify the John Doe Defendant through a particular Internet protocol ("I.P.") address that its investigator had concluded was the origin of the file-sharing activity. To serve a subpoena on the Internet Service Provider ("ISP") providing service to the I.P. address identified by its investigator, in order to obtain the identity of the John Doe Defendant, Plaintiff filed a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference along with its Complaint. Doc. #2. The Court sustained the motion on July 18, 2014. Doc. #6.

On September 22, 2014, Plaintiff filed an Amended Complaint naming Steiner as the Defendant. Doc. #9. After the Court granted two requests to extend the period to respond (Doc. #12 & Doc. #13), Defendant filed an Answer on December 5, 2014. Doc. #14.

On February 3, 2015, Defendant filed a Motion for Judgment on the Pleadings, seeking dismissal of the Amended Complaint under Rule 12(c) of the Federal Rules of Civil Procedure. Doc. #17. Therein, Defendant argued that

2

Plaintiff failed to register in Ohio as a foreign limited liability company before filing suit, as required by Ohio Rev. Code § 1705.58(A). Defendant also filed a Motion to Stay Discovery on February 23, 2015, arguing that because he was likely to prevail on the Motion for Judgment on the Pleadings, complying with Plaintiff's discovery requests would create an "undue burden" for him. Doc. #18.

On February 19, 2015, Plaintiff registered with the Ohio Secretary of State as a for-profit foreign limited liability company. Doc. #20-2.

On March 13, 2015, Plaintiff filed a Response in Opposition to Defendant's Motion for Judgment on the Pleadings, and asserted the following arguments. Doc. #20. First, Defendant's argument is based on whether Plaintiff has the capacity to sue, and Defendant waived the argument by not pleading it in his Answer. Second, Ohio Rev. Code § 1705.58(A) does not apply to Plaintiff because under Rule 17(b)(3)(A), Plaintiff may pursue a federal claim in this Court without having the capacity to sue under the Ohio law. Third, the plain language of Ohio Rev. Code § 1705.58(A) does not apply to Plaintiff because it does not transact business in Ohio. Fourth, applying the Ohio statute would burden a copyright holder's ability to bring a claim of copyright infringement, which would interfere with the preemption clause of the Copyright Act. Fifth, dismissing this action because Plaintiff failed to comply with Ohio Rev. Code § 1705.58(A) would violate the Petition and Commerce clauses of the United States Constitution. Finally, Plaintiff points out that it is now registered with the Ohio Secretary of State as a foreign limited liability company, which moots Defendant's motion.

3

Plaintiff also filed a Response in Opposition to Defendant's Motion to Stay Discovery on March 16, 2015, and asserted that because Defendant will not likely succeed in having this case dismissed, he is not entitled to a stay of discovery. Doc. #21.

On April 13, 2015, Defendant filed a Reply Memorandum in Support of his Motion for Judgment on the Pleadings, and addressed Plaintiff's arguments as follows. Doc. #24. First, he did not waive the lack of capacity defense by failing to plead it in an Answer because he raised it in a timely manner, Plaintiff has had the opportunity to rebut it, and no prejudice to Plaintiff has resulted from invoking the defense. Second, Rule 17(b)(3)(A) requires Plaintiff to have complied with Ohio law in order to sue because the rule states that Ohio law determines its capacity to sue. Third, the statutory exemption for entities that do not engage in commerce in Ohio only applies to foreign corporations. Fourth, the exemption for businesses that do not engage in commerce in Ohio does not apply to Plaintiff, because it transacts business in the state through the online sale and distribution of its videos. Fifth, applying Ohio Rev. Code § 1705.58(A) would not violate either the Commerce Clause or the Petition Clause because the plain language of the rule applies state law, and the statute does not restrict meaningful access to federal courts. Sixth, the preemption clause of the Copyright Act only applies to state substantive claims, not procedural requirements. Finally, Plaintiff has not cured its failure to comply with Ohio Rev. Code § 1705.58(A) by registering with

the Ohio Secretary of State after filing this lawsuit, as courts require pre-filing compliance.

On April 20, 2015, Defendant filed a Reply Memorandum in Support of his Motion for Judgment on the Pleadings, asserting that he is likely to prevail in having this action dismissed, and that a stay of discovery would not prejudice Plaintiff. Doc. #25.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated under the same standard of review that applies to a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). Under this standard, "the complaint is viewed in the light most favorable to plaintiffs, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiffs." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F. 3d 426, 430 (6th Cir. 2008)). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). In addition to the facts and allegations stated in the complaint, "matters of public records, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account" when considering a motion under Rule 12(c). *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)).

### III. LAW AND ANALYSIS

"The question of capacity to sue is whether the person bringing the suit has authority to use the courts of that jurisdiction." *Moore v. Matthew's Book Co.*, 597 F.2d 645, 647 (8th Cir. 1979). Rule 17(b) of the Federal Rules of Civil Procedure sets forth the requirements for determining whether a party has the capacity to sue or be sued:

> (b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:
>
> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
>
> (2) for a corporation, by the law under which it was organized; and
>
> (3) for all other parties, by the law of the state where the court is located, except that:
>
> > (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]

It is clear from the language of subsections (b)(1) and (b)(2) that they apply to individuals and corporations, respectively. Relevant here is subsection (b)(3),

which applies to "all other parties," including limited liability companies such as Plaintiff. *E.g.*, *Merry Gentleman, LLC v. George & Leona Prods., Inc.*, No. 13-C-2690, 2014 WL 3810998, at *2 (N.D. Ill. Aug. 1, 2014) ("The capacity of a limited liability company to bring suit is governed by Rule 17(b)(3), which applies to 'all other parties'").

The general principle set out in subsection (b)(3) states that a party's capacity is determined "by the law of the state where the court is located." However, as the exception in Rule 17(b)(3)(A) states, this principle does not apply when a party with "no such capacity under that state's law" seeks "to enforce a substantive right existing under the United States Constitution or laws." *See California Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014) (classifying a corporation with suspended powers as an unincorporated association and holding that it had capacity to sue under Fed. R. Civ. P. 17(b)(3)(A) because it had brought federal claim under the Lanham Act). Thus, the requirement to determine a party's capacity "by the law of the state where the court is located" applies when the party's claim arises under state law, as in an action based on diversity of citizenship jurisdiction. *See Davis v. Lifetime Capital, Inc.,* 560 F. App'x 477, 478 n.2 (6th Cir. 2014) (citing Fed. R. Civ. P. 17(b)(3) and stating that "[i]f a party is not a corporation or an individual *and the party is asserting a state-law claim*, then the law of the state where the court is located determines capacity") (emphasis added); *see also Underwood v. Maloney*, 256 F.2d 334, 337 (3d Cir. 1958) (stating that Fed. R. Civ. P. 17(b) "provides that in cases by or against

unincorporated associations . . . where jurisdiction is bottomed on diversity, as contrasted with jurisdiction based on a federal question, the courts must determine the capacity . . . to sue or be sued by reference to the law of the state in which the federal court is sitting"). Here, for the following reasons, the exception under Rule 17(b)(3)(A) applies, and Plaintiff's capacity to sue in this Court does not depend on the law of Ohio.

First, Plaintiff did not have the capacity to bring suit in an Ohio court against Defendant at the time it filed this action, and was, therefore, a party with "no such capacity under that state's law," as described by the Rule 17(b)(3)(A) exception. Defendant correctly notes that, under Ohio Rev. Code § 1705.58(A), Plaintiff would have had to register with Ohio's Secretary of State as a foreign limited liability company before it could sue him in state court.[1] Under the statute, "[a] foreign limited liability company transacting business in [Ohio] may not maintain any action or proceeding in any court of this state until it has registered" with the Secretary of State. Ohio Rev. Code § 1705.58(A). Plaintiff did not register as a foreign limited liability company until February 19, 2015. Doc. #20-2. It did not,

---

[1] Ohio Rev. Code § 1705.58(A) applies to a "foreign limited liability company transacting business in" Ohio. Plaintiff argues that even if the exception under Rule 17(b)(3)(A) did not apply, it would not have been required to register under the statute because it does not transact business in Ohio. Plaintiff points out that its headquarters, officers, and employees are all located in California, and it does not "advertise, solicit business, or in any way target Ohio." Doc. #20 at 10. Yet Plaintiff also states that 317 of its subscribers are Ohio residents, which raises an issue of fact as to whether it does transact business in Ohio. However, the issue is unnecessary to resolve because the Court agrees with Plaintiff that Rule 17(b)(3)(A) applies, based on Plaintiff's federal claim, and Ohio law does not determine its capacity to sue in this case.

therefore, have capacity to sue in Ohio on June 13, 2014, the date it filed this lawsuit.[2]

Second, Plaintiff is seeking "to enforce a substantive right existing under the United States Constitution or laws," the second requirement of the Rule 17(b)(3)(A) exception. Plaintiff's only claim against Defendant is for copyright infringement, which arises under a federal law, the Copyright Act of 1976, 17 U.S.C. §§ 501-505. Because Plaintiff, as a limited liability company organized under California law, had "no [] capacity under [Ohio]'s law" to file suit in its courts, and because Plaintiff filed this action seeking "to enforce a substantive right existing under the United States Constitution or laws," the exception in Rule 17(b)(3)(A) applies. Plaintiff's capacity to sue in this Court is not, therefore, determined by Ohio law, including the registration requirement under Ohio Rev. Code § 1705.58(A).

Furthermore, the cases cited by Defendant only involved state law claims, and therefore provide no guidance for determining the capacity of a plaintiff asserting a federal claim under Rule 17(b)(3)(A). In *Alpha Waste Systems, LLC v. Resource Reclamation Toledo, LLC*, No. 3:13-CV-2462, 2014 WL 1788576, (N.D. Ohio May 5, 2014), the United States District Court for the Northern District of Ohio found that the plaintiff lacked capacity to sue under Ohio law because it had not registered as a foreign limited liability company under Ohio Rev. Code

---

[2] Even though it is not referred to in the pleadings, the Court may take judicial notice of Plaintiff's registration with the Ohio Secretary of State without converting Defendant's motion into one for summary judgment, as the registration is a public record. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2007).

§ 1705.58(A) before filing suit, and therefore dismissed the complaint. However, in contrast to this case, all of the claims in *Alpha* were Ohio common law tort claims. This suggests that the court's jurisdiction was based on diversity of citizenship jurisdiction, and state law was applied to determine the plaintiff's capacity to sue. Indeed, the court expressly applied Rule 17(b)(3)'s requirement to look to "the law of the state where the court is located," and the exception under Rule 17(b)(3)(A) was never discussed. The other cases cited by Defendant also involved only state law claims and do not discuss or apply Rule 17 at all. *Sta-Rite Indus., LLC v. Preferred Pump & Equip.,* No. 5:08 CV 1072, 2008 WL 3874676 (N.D. Ohio Aug. 14, 2008) (dismissing plaintiff's Ohio breach of contract claim without prejudice because it had failed to register under Ohio Rev. Code § 1705.58(A) before filing suit); *GKP, LLC v. Wells Fargo & Co.*, No. 1:13 CV 01482, 2013 WL 5353799, at *6 (N.D. Ohio Sept. 24, 2013) (dismissing complaint stating four Ohio common law claims because plaintiff failed to state plausible claims, they were barred by statutes of limitations, and plaintiff had failed to register under Ohio Rev. Code § 1705.58(A)). In contrast to all of these cases, Plaintiff is an unincorporated entity asserting a federal claim. Ohio's registration requirements under Ohio Rev. Code § 1705.58(A) do not apply. Under Rule 17(b)(3)(A), Plaintiff has the capacity to sue in this forum.

Based on the foregoing, the Court concludes that Defendant has not demonstrated that Plaintiff lacked capacity to sue him when it filed this action. He

is not, therefore, entitled to dismissal of Plaintiff's lawsuit, and his Motion for Judgment on the Pleadings (Doc. #17) is overruled.[3]

### IV.  CONCLUSION

In accordance with Rule 17(b)(3)(A) of the Federal Rules of Civil Procedure, Plaintiff was an "unincorporated association" that sued Defendant "in its common name to enforce a substantive right" under federal law when it brought this lawsuit. The requirement of Rule 17(b)(3) to determine Plaintiff's capacity to sue by reference to Ohio law does not apply. Plaintiff was not, therefore, required to register as a foreign limited liability company under Ohio Rev. Code § 1705.58(A) before filing this lawsuit, as Defendant argues. Accordingly, Defendant's Motion for Judgment on the Pleadings (Doc. #17) is OVERRULED.

Because Defendant has not demonstrated that it is entitled to dismissal of Plaintiff's claim, Defendant is not entitled to a stay of discovery, and its Motion to Stay Discovery (Doc. #18) is OVERRULED as well.

Date: May 22, 2015

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[3] Because Rule 17(b)(3)(A) allows Plaintiff to sue Defendant regardless of its capacity to sue under Ohio law, the Court will not address Plaintiff's other arguments defending its capacity to sue based on waiver, mootness, preemption, or the Petition and Commerce Clauses.

11